UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICHARD RIDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:10-cv-00578 |
| v. | ) | |
| | ) | |
| FIRST TENNESSEE BANK, | ) | JUDGE SHARP |
| NATIONAL ASSOCIATION, | ) | MAGISTRATE JUDGE GRIFFIN |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM

Plaintiff Richard Riddle ("Plaintiff") filed a motion for review of costs taxed by the Clerk (Docket Entry No. 103), to which Defendant First Tennessee Bank, National Association ("Defendant") filed a reply (Docket Entry No. 104). For the reasons discussed herein, the Court will grant in part Plaintiff's motion for review and reduce the amount of the taxable costs to $2,671.70.

# BACKGROUND

Plaintiff filed this action alleging violations of the Sarbanes-Oxley Act of 2002, the Tennessee Public Protection Act, and common-law wrongful termination in violation of Tennessee public policy. On September 16, 2011, this Court granted Defendant's motion for summary judgment on all claims and dismissed the action with prejudice. (Docket Entry No. 96.) Judgment was entered against Plaintiff on October 24, 2011. (Docket Entry No. 98.) Defendant subsequently submitted a bill of costs for $4,468.60. (Docket Entry No. 100.) On November 18, 2011, the Clerk taxed costs in this amount to Plaintiff. (Docket Entry No. 102.) Plaintiff's motion followed.

1

## ANALYSIS

**I.      Legal Standard**

"Unless a statute, these rules [of federal civil procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The specific categories of taxable costs are set forth in 28 U.S.C.A. section 1920 (2006 & Supp. 2011). This court "has broad discretion in allowing or disallowing the particular items listed in [section] 1920 as costs." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). Appropriate circumstances for denying costs include unnecessary or unreasonably large expenditures, penalizing the prevailing party for prolonging trial or litigating issues without merit, a recovery so insignificant as to amount to a victory for the other side, or a close and difficult case. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986); *Huntsville Golf Dev., Inc. v. Brindley Constr. Co.*, 2011 WL 4960421, at *2 (M.D. Tenn. Oct. 18, 2011). The losing party's good faith in filing and prosecuting the action is "a relevant but insufficient basis for denying costs." *White & White*, 786 F.2d at 730. The size of the prevailing party's recovery and its ability to pay its own costs are not relevant considerations. *Id.*

**II.     Costs Taxed in This Action**

Plaintiff's motion challenges the appropriateness of taxing three specific categories of costs: fees for service of process and subpoenas, transcript fees, and photocopying fees. The court considers each challenge in turn.[1]

---

[1] To the extent Plaintiff is asking the Court to exercise its discretion to vacate the entire award of costs, the Court declines. While the Court finds that Plaintiff brought the action in good faith that is an independently insufficient basis for denying costs. In prevailing on its motion for summary judgment, Defendant avoided prolonging the litigation and achieved victory on all its claims. Nor does this straightforward employment litigation fit the Sixth Circuit's definition of a close and difficult case. Instead of vacating the entire award, the Court instead

### A. Service of Process and Subpoenas

The court may tax "[f]ees of the clerk and marshal." 28 U.S.C.A. § 1920(1). Regulations prescribed by the Attorney General determine the fees a court may tax for the United States Marshal's service of process, subpoena, or summons. *Id.* §1921(b). Currently, that fee is $55 per hour per person for each item served. 28 C.F.R. § 0.114 (2011). Where, as here, a party utilizes a private process server instead of the United States Marshal, the court "may tax costs for private process server fees to the extent that these private process server fees do not exceed the United States Marshal's fees." *Arrambide v. Wal-Mart Stores, Inc.*, 33 Fed. Appx. 199, 203 (6th Cir. Apr. 4, 2002).

By Defendant's own admission, in its itemization of the bill of costs, the $65 charge for ATC Investigations' service of an employment records subpoena and the $75 charge for Zenith Investigations' service of a records subpoena exceed the prescribed $55/hour maximum. The remaining charges fall below the $55/hour per-item cap. Therefore, the Court will reduce by $30 the amount taxed for service of process fees.

### B. Transcripts

In its bill of costs, Defendant sought and obtained the taxation of costs for both printed and electronically recorded transcripts. Before this court, Defendant defends its recovery by citing the Sixth Circuit's decision in *BDT Products*, which affirmed the district court's taxation of the costs of transcribing and videotaping a deposition. 405 F.3d at 420. *But see Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529-30 (5th Cir. 2001) (prohibiting an award of costs associated with videotaped depositions). The *BDT Products* decision, however, interpreted a prior version of 28 U.S.C.A. section 1920. At the time of that case, the statute allowed the

---

will reduce the taxable costs in those specific instances where the amount awarded exceeds what the applicable law allows.

taxation as costs of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]" 28 U.S.C.A. § 1920(2) (2006). In 2008, Congress amended the statute to allow the taxation as costs of "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in the case." Judicial Administration and Technical Amendments Act of 2008, Pub. L. 110-406, § 6, 122 Stat. 4291, 4292 (2008) (emphasis added). Construing the amended language, courts have interpreted the disjunctive "or" to allow a prevailing party to recover the costs of a stenographic transcription or videotaping of a deposition, but not both. *See, e.g., Chism v. New Holland N. Am., Inc.*, 2010 WL 1961179, at *4 (E.D. Ark. May 13, 2010); *Equal Emp't Opportunity Comm'n v. CRST Van Expedited, Inc.*, 2010 WL 520564, at *5 (N.D. Iowa Feb. 9, 2010); *Thomas v. Newton*, 2009 WL 1851093, at *4 (E.D. Mo. June 26, 2009).

Applied to this case, therefore, the court will not allow Defendant to tax the costs of the transcription and videotaping of the same deposition. Therefore, the Court will deduct from the taxable costs the $1,766.90 requested for the cost of the deposition transcripts. Plaintiff will still be allowed to recover as taxable costs the $1,741.55 requested for the cost of videotaping the depositions.[2]

---

[2] Although the cost of the videotaped depositions is nominally less than the cost of the transcriptions, the Court's decision to award Defendant the cost of the videotaped depositions actually maximizes the Defendant's recovery for transcript costs. Defendant's itemized bill of costs listed charges for both an original transcript and a copy of Plaintiff's deposition without showing why it was necessary to obtain more than one copy for use in the case. Even if Defendant could have recovered the costs for the transcription and videotaping of the depositions, the Court would not have allowed Defendant to recover the costs of more than one copy of Plaintiff's deposition transcript. Therefore, notwithstanding the entries on the itemized bill of costs, the recoverable amount of costs for the videotaped depositions is greater than the recoverable amount of costs for the deposition transcripts. In its discretion, the Court awards Defendant the greater recoverable amount.

C.  **Photocopying**

The court may tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C.A. § 1920(4) (Supp. 2011). A party may recover "'costs for photocopying documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration.'" *Huntsville Golf Dev.*, 2011 WL 4960421, at *6 (quoting *Jordan v. Vercoe*, 1992 WL 96348, at *1 (6th Cir. May 7, 1992)). The burden of establishing the necessity of the copies falls upon the party seeking reimbursement for photocopying costs. *Id.* Plaintiff contends that Defendant has not shown that its requested copy costs were reasonable and necessary for use in this case.

Defendant's itemized bill of photocopying costs includes charges by four outside vendors and an in-house charge for documents produced to the Plaintiff. For each of the outside vendor charges, Defendant attached an invoice or other documentation of the cost and the general nature of the copied materials. (*See* Docket Entry No. 100, Exhibit 3.) The Court finds this exhibit to be sufficient proof that these materials were attributable to discovery and thus necessary for maintenance of the action. For the in-house charge, Defendant did not initially attach any documentation to support the entry on the itemized bill of costs. In its opposition to the present motion, however, Defendant attached as an exhibit a series of cover letters to Plaintiff's counsel regarding copies of documents responsive to Plaintiff's discovery requests. (*See* Docket Entry No. 104, Exhibit 1.) These letters confirm the transmittal to Plaintiff's counsel of 1,169 pages, the same number claimed on Defendant's itemized bill of costs. The Court finds this exhibit to be sufficient proof that these in-house photocopies were documents tendered to the opposing

party and thus necessary for maintenance of the action. The Court declines to reduce the amount of taxable costs for photocopying fees.

## **CONCLUSION**

For all of the reasons stated, Plaintiff's Motion for Review of Costs (Docket Entry No. 103) will be granted in part. The Court will deduct $1,796.90 from the original award of taxable costs and direct the Court to re-tax costs in the amended amount of $2,671.70.

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE